UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN W. ROUSE, et al., on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 12-CV-00326 (DWF/SER) ) |
| HENNEPIN COUNTY, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION OF
THE UNITED STATES FOR LEAVE TO INTERVENE**

The United States of America submits this memorandum in support of its motion to intervene in this action to defend the constitutionality of the statutory damages provision of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n, as it applies to alleged willful violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g).

Rule 5.1 of the Federal Rules of Civil Procedure requires a party who files a motion drawing into question the constitutionality of a federal statute to promptly file a notice of constitutional question stating the question and identifying the paper that raises it and to serve that notice on the Attorney General of the United States.  Defendants filed such a notice (Doc. 7) on April 17, 2012,  and served it by mail upon the Attorney General on the same date.

The Consumer Protection Branch (formerly the Office of Consumer Litigation) of the Department of Justice has been assigned to defend the constitutionality of the challenged statute in several other cases, including the only case in which a district court has held the statute unconstitutional, which holding was overruled on appeal.  *Grimes v. Rave Motion Pictures of Birmingham, LLC*, 552 F. Supp. 2d 1302 (N.D. Ala. 2008), *vacated and remanded sub nom.*

*Harris v. Mexican Specialty Foods, Inc.*, 564 F. 3d 1301 (11th Cir. 2009).[1]  Rule 5.1(c) grants the United States 60 days to seek to intervene from the filing of the notice of constitutional question, in this case at least through and including June 18, 2012.  If need be, the Court is authorized to provide more time.  See Rule 5.1 advisory committee notes, 2006 adoption, para. 4 (providing that the Court may extend the time "either on its own or on motion.").

In this case, the constitutional challenge was made in defendant's Answer filed on April 10, 2012 (Doc. 6).  Under Fed. R. Civ. P. 5.1(c), the court is permitted to reject defendant's constitutional challenge to FCRA's statutory damages provision without any delay, but the court cannot enter a final judgment holding the statute unconstitutional before the United States' time to intervene expires.

Any final decision on whether the United States will participate in this action will be made by the Solicitor General.  See 28 C.F.R. § 0.21 (providing in full that, "The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress.").  The undersigned counsel in the Consumer Protection Branch has reviewed all relevant papers in this matter and has prepared a recommendation to the Solicitor General concerning intervention. Additional offices within the Justice Department will also review this matter and prepare recommendations to the Solicitor General regarding intervention.  The process of preparing recommendations for

---

[1]  A non-exhaustive list of cases in which the United States has been authorized to intervene to defend the constitutionality of the statute includes:  *In re Farmers Insurance FCRA Litigation*, No. 5:03-cv-158 (W.D. Okla.);  *Ashby v. Farmers Insurance Co. of Oregon*, No. 01-1446-BR (D. Or.); *Soprych v. T.D. Dairy Queen*, No. 1:08-cv-02694 (N.D. Ill.); *Irvine v. 233 Skydeck, LLC*, No. 08-C-4939 (N.D. Ill.); *Rogers v. Highland Unocal 76 Inc.*, No. 2:08-cv-00294 (N.D. Ind.); and *Hepokoski v. Brickwall of Chicago, LLC dba Improv Comedy Club*, No. 09-C-0611 (N.D. Ill.).

the Solicitor General's Office and receiving that office's decision on whether to intervene and defend the constitutionality of a statute typically requires a minimum of 60 days but may require a more extended period.

Pending the Solicitor General's decision, and in order to protect the interest of the United States, the United States is now moving to intervene in this action to defend the constitutionality of 15 U.S.C. § 1681n.  The United States will advise the court immediately of the Solicitor General's final determination on intervention by the United States.

    Respectfully submitted,

    STUART F. DELERY
    Acting Assistant Attorney General
    Civil Division
    U.S. Department of Justice

    MAAME EWUSI-MENSAH FRIMPONG
    Acting Deputy Assistant Attorney General

    MICHAEL S. BLUME
    Director

    /s/ Gerald C. Kell
    GERALD C. KELL
    Senior Trial Counsel
    Office of Consumer Litigation
    U.S. Department of Justice
    P.O. Box 386
    Washington, DC  20044-0386
    Telephone:  (202) 514-1586
    Facsimile:  (202) 514-8742
    Email:  gerald.kell@usdoj.gov