UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin W. Rouse, Emily M. Rouse, and Brian L. Ranwick, on behalf of themselves and all others similarly situated, | Civil No. 12-326 (DWF/SER) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Hennepin County, | |
| Defendant. | |
| United States of America, | |
| Intervenor, | |
| Hennepin County, | |
| Third-Party Plaintiff, | |
| v. | |
| Quadrant Systems, LLC, | |
| Third-Party Defendant. | |

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

Michael O. Freeman, Hennepin County Attorney, and Rebecca Lee Stark Holschuh, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, counsel for Defendant Hennepin County.

Gerald C. Kell, Esq., U.S. Department of Justice, counsel for Intervenor United States of America.

**INTRODUCTION**

This matter is before the Court on a Motion for Judgment on the Pleadings brought by Defendant Hennepin County ("Defendant") (Doc. No. 41). For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

Defendant's Taxpayer Services Department is organized into several divisions, including the "service centers division," which is the relevant division in this lawsuit. Plaintiffs allege that Defendant violated provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"), which amended the FCRA, by issuing receipts bearing full, unredacted credit card expiration dates. (*See generally* Doc. No. 2, Am. Compl. ¶¶ 19-25.)[1] Specifically with respect to the named Plaintiffs, the Second Amended Complaint alleges that on separate occasions between the dates of March 16, 2011 and February 1, 2012, Plaintiff Kevin Rouse purchased a Notary Registration, paid a sales tax for an automobile, purchased a driver's license, purchased lien notices for three cars, and purchased license tabs from Defendant; that Plaintiff Kevin Rouse used his MasterCard credit card to pay for these purchases; and that Defendant provided receipts with an un-redacted expiration date. (*Id.* ¶¶ 34-37.) In addition, on December 16, 2011, Plaintiff

---

[1] FACTA amended the FCRA to require that merchants redact customers' credit card numbers and expiration dates on receipts provided to consumers. 15 U.S.C. § 1681c(g).

Emily M. Rouse purchased a passport from Defendant, used her Visa credit card to pay, and Defendant provided a receipt with an un-redacted expiration date. (*Id.* ¶ 38.) Finally, on February 9, 2012, Plaintiff Brian L. Ranwick purchased photos from Defendant, used his Master Card credit card to pay, and Defendant provided a receipt with an un-redacted expiration date. (*Id.* ¶ 40.)

After filing the Amended Complaint in February 2012, Plaintiffs served third-party subpoenas to credit card companies and technology vendors. (Doc. No. 51, Lyons Decl. ¶¶ 2-8.) Defendant filed the present motion for judgment on the pleadings on January 11, 2013, seeking dismissal of Plaintiffs' Amended Complaint. (Doc. No. 41.) On February 1, 2013, the parties submitted a Stipulation to Amend Plaintiffs' Amended Class Action Complaint. (Doc. No. 48.) Pursuant to the stipulation, Plaintiffs were permitted to file the Second Amended Class Action Complaint. (Doc. No. 52.) In the Second Amended Class Action Complaint, Plaintiffs again claimed that Defendant's issuance of credit card receipts containing expiration dates constitutes a willful violation of the FCRA and FACTA. (Second Am. Compl. ¶¶ 17-33, 51-59.) Plaintiffs also seek to represent a class of similarly situated individuals. (*Id.* ¶¶ 43-50.)

## DISCUSSION

**I.    Legal Standard**

A party may move for judgment on the pleadings at any point after the close of pleadings but early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). A court evaluates a motion for judgment on the pleadings under the same standard as a motion

brought under Rule 12(b)(6). *See Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott*, 901 F.2d at 1488. A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Defendant's Motion**

Defendant moves for judgment on the pleadings on three separate grounds: (1) Plaintiffs have failed to adequately allege willfulness and, therefore, fail to state a claim for relief; (2) Defendant could not have acted willfully as a matter of law; and (3) Defendant is entitled to Eleventh Amendment immunity as an arm of the State. The Court addresses each argument below.

**A.     Willfulness**

There is no dispute that the FCRA prohibits a merchant from including credit card expiration dates on customer receipts: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g). "[P]erson means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). Plaintiffs allege that Defendant willfully violated the FCRA when it intentionally printed and provided its customers with credit card receipts that included the expiration date. (Second Am. Compl. ¶ 17.)

The significance of a claim of willful noncompliance is that the consumer need not prove actual damages. *See* 15 U.S.C. § 1681n (imposing civil liability of *either* actual damages *or* statutory damages of $100 to $1,000 for willful violations of the FCRA). The Supreme Court has made it clear that "willfulness" under the FCRA requires a

knowing or a reckless violation of the statute's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

Defendant submits that the Second Amended Complaint fails to sufficiently allege willfulness. Specifically, Defendant claims that Plaintiffs' allegations of willfulness are conclusory and fall into the category of "attendant publicity" that is not tied to Defendant's conduct. (Doc. No. 53 at 4, citing *Zaun v. J.S.H. Inc. of Faribault*, Civ. No. 10-2190, 2010 WL 3862860, at *3 (D. Minn. Sept. 28, 2010).)

The Court disagrees and finds that Plaintiffs have sufficiently stated a claim for a willful violation. Plaintiffs have alleged that Defendant's credit card processing partners sent Defendant at least eight communications instructing Defendant to comply with FACTA, specifically advising Defendant that printing credit card expiration dates on customer receipts was against the law. (Second Am. Compl. ¶¶ 17-33.) Taking the allegations in Plaintiffs' Second Amended Complaint as true, and construing all reasonable inferences from those facts in the light most favorable to Plaintiffs, a fact-finder could reasonably conclude that Defendant was aware of the requirements of the FACTA as it pertains to the printing of expiration dates and that Defendant had the ability to redact the expiration dates and ensure compliance with the law. Moreover, Plaintiffs allege that Defendant disregarded the communications and continued to print credit card receipts with unredacted expiration dates. These allegations are sufficient to plausibly state a willful violation claim.

Defendant also argues that it could not have willfully violated the FCRA as a matter of law because it is objectively reasonable, under the law, to interpret the FCRA's

damages provisions as being inapplicable to government entities.  Defendant submits that under the standards set forth in *Safeco*, a reasonable interpretation of the law is sufficient to negate the claim of willfulness, and further that it could have reasonably interpreted that it did not meet the definition of "person" under the FCRA.  Defendant argues that the FCRA provisions at issue here are unclear and complicated and that the definition of "person" differs from provision to provision.  Defendant further submits that the FCRA's use of "person" in both its criminal and civil liability provisions suggests that the term "person" is context-dependent, and that the federal government, in other cases, has argued that the history and structure of the FCRA demonstrate that Congress did not intend the term "person" to include the United States in the context of civil-remedies provisions.  (Doc. No. 43 at 23-24.)

   Plaintiffs assert that Defendant's argument is particular to the question of whether the United States has waived sovereign immunity from suit, and that this argument involves a different statutory interpretation, one that involves an inquiry into whether Congress unequivocally consented to suit against the United States when amending the FCRA beyond its original regulation of consumer reporting agencies.  Plaintiffs further submit that because Defendant is not the United States, the issue of sovereign immunity does not apply and ordinary statutory interpretation governs, under which Defendant can be liable for damages for violating legal duties codified within the FCRA.  In particular, Plaintiffs point out that a "consumer reporting agency" as originally defined by the FCRA included "any person," and that any "person" included any "government."  (Doc. No. 56 at 7, citing Pub. L. 91-508, Title VI, §§ 603(b), (f), Oct. 26, 1970).)

7

At this early stage of the litigation, the Court agrees with Plaintiffs' position on this point. The relevant statutory text of the FCRA reveals that a "person" under the statute includes any "government or governmental subdivision or agency," and therefore that a government can be liable under the statue. Thus, it appears that Defendant's interpretation of the statute to mean that no government can be subject to damages under its provisions is not reasonable.[2]

B. **Eleventh Amendment Immunity**

Defendant also argues that it is entitled to Eleventh Amendment immunity because the state would be entitled to immunity, and Defendant acts as an arm of the state. Specifically, Defendant contends that a majority of its service center transactions involve state transactions, such as licensing and motor vehicle transactions, and that its financial relationship with the state is defined by statute and administrative rule. As such, Defendant maintains that it is a conduit to the state treasury and should be recognized as a state actor entitled to Eleventh Amendment immunity.

Plaintiff points out that the primary factor in determining whether a county may claim Eleventh Amendment immunity is whether the state will pay the judgment or any penalties assessed. *See Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir. 1985). The

---

[2] After the hearing on this matter, Defendant provided the Court with recently released authority, including *Stellick v. U.S. Dep't of Educ.*, Civ. No. 11-730, 2013 WL 673856 (D. Minn. Feb. 25, 2013). In *Stellick*, the court dismissed claims brought against the Department of Education ("DOE") under the FCRA, concluding that "nothing in the FCRA waives the sovereign immunity of the DOE." *Id.* at *5. The issue of sovereign immunity for damages brought under the FCRA is not relevant to the present suit, which was brought against Hennepin County, not the United States.

record is not yet adequately developed so as to allow the Court to determine whether this suit is actually a suit against the state, and in particular, whether funds to pay any award in this action will come from the state treasury.  As such, the Court declines to hold that Defendant is entitled to immunity on Eleventh Amendment grounds.

## CONCLUSION

Because the Court concludes Plaintiffs' allegations are sufficient to plausibly state a claim for a willful violation of FACTA's redaction requirements, the Court denies Defendant's motion.  The Court notes, however, that it appears that damages for Plaintiffs in this case, should they ultimately prevail, will be minimal.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. [41]) is **DENIED**.

Dated:  May 13, 2013                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge