UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin W. Rouse, Emily M. Rouse and  Civil No. 12-326 (DWF/SER)
Brian L. Ranwick, on behalf of themselves
and all others similarly situated,

          Plaintiffs,

v.

Hennepin County,
                                                **ORDER PRELIMINARILY**
          Defendant,                            **APPROVING CLASS ACTION**
                                                       **SETTLEMENT**
United States of America,

          Intervener,

Hennepin County,

          Third-Party Plaintiff,

v.

Quadrant Systems, LLC,

          Third-Party Defendant.

     This matter came on for hearing before the undersigned United States Judge on December 20th, 2013, upon motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set forth in a Class Action Settlement and Release Agreement dated December 12, 2013 ("Agreement") signed by Plaintiffs,

Counsel for Plaintiffs, Defendant, and Counsel for Defendant.  All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiffs were represented by their counsel Thomas J Lyons, Sr. of the Lyons Law Firm, P.A., and Thomas J. Lyons, Jr. of the Consumer Justice Center ("Class Counsel"). Defendant Hennepin County was represented by Hennepin County Attorney Michael O. Freeman and Assistant Hennepin County Attorney Rebecca Stark Holschuh.

The Court having heard the arguments of counsel, having reviewed the Agreement, its exhibits, and other submissions of the parties, the Memo in Support of the Motion, and having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1.  The Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. [73]) is **GRANTED**.

2.  The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

3.  For purposes of the Proposed Settlement only, the Court hereby certifies plaintiffs' class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All persons who, from February 7, 2010, through July 17, 2012, used a credit or debit card at any of the Hennepin County Service Centers, whose names appear on the Eligible Transaction List generated by Hennepin

County, and who also affirm that the credit or debit card used is tied to a personal, non-business account.

The foregoing is the "Hennepin County Settlement Class," and its members are "Class Members."

In support of this Hennepin County Settlement Class, the Court finds makes the following findings:

The parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) for settlement purposes.

There are questions of law and fact common to all Class Members for settlement purposes. Such questions include, but are not necessarily limited to, the following:

- Whether there was a willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") with respect to any persons who received a credit or debit card receipt from the Hennepin County Service Centers that contained an unredacted credit or debit card expiration date.

Plaintiffs' claims are typical of the claims of the members of the Hennepin County Settlement Class for settlement purposes. Plaintiffs are members of the Hennepin County Settlement Class and allege that the same conduct of Hennepin County applies to them as well as the other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and other members of the Settlement Class are based upon corresponding theories.

Plaintiffs, as Class Representatives, and Class Counsel can fairly and adequately

represent the interest of the Hennepin County Settlement Class for purposes of this settlement.

Questions of law and fact common to all members of the Hennepin County Settlement Class predominate over any questions affecting individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. If for any reason the Agreement ultimately does not become effective, Hennepin County's conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before August 27, 2013, and nothing stated in the Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the proposed forms of notice of the Proposed Class Action Settlement attached as **Exhibits A, B, C, and D** to the Agreement ("Legal Notice"), the Court hereby approves and directs that Hennepin County cause the Legal Notice submitted as **Exhibit A** to be provided to the *Star Tribune* and *City Pages* for Newspaper Advertising, **Exhibit B** to be posted on Hennepin County's Service Centers Website at www.hennepin.us/servicecenters, Notice submitted as **Exhibit C** to be posted at each of the Service Centers and prominently displayed near the "welcome desk" and **Exhibit D** to be posted on plasma televisions at Hennepin County Service Centers.

5. The Court finds and determines that notice by Publication and given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

6. Any Class Member who desires to request exclusion from the Hennepin County Settlement Class may opt out of the settlement. To opt out an individual must either (A) submit a written notice to both Class Counsel and Counsel for Hennepin County that contains the individual's full name, telephone number, current address, a declaration that the individual is a Class Member, and a statement that the individual wishes to opt out of the settlement, OR (B) appear in person at a Service Center, complete and sign an Opt Out Form that is substantially in the form as attached to the Agreement as Exhibit G, and present identification when presenting the Opt Out Form to a Service Center clerk. Class Members shall have until February 19, 2014 or the date set by the Court, whichever is later, to opt out. The Opt Out Form must be received by the Service Centers or postmarked by the deadline. Any Class Member who does not Opt Out by the Opt Out Deadline will be bound by the terms of this Agreement.

7. A hearing will be held before the Honorable Judge Donovan W. Frank, on March 12, 2014, at 9:00 a.m., in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101 ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the

best interests of the Hennepin County Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the Class Members with prejudice and on the merits, as required by the Agreement; and (c) whether to approve, with or without modification, the Class Representatives' application for an award of a Class Representative fee.  The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Hennepin County Settlement Class, or why a final judgment should not be entered thereon, must file and serve a **Written Statement** to the Court with the following information:  (1) the individual's name, current address, and telephone number; (2) a declaration that the individual is a Class Member; (3) a statement that the individual would like to comment, intervene or object, and any reason why, (4) any supporting documentation, such as a memorandum or brief and, (5) a reference to *Rouse, et al. v. Hennepin County,* U.S. Dist. Ct. File No.: 12-cv-00326 (DWF/SER).  Copies of all materials must be filed with the Clerk of Court and copies must be mailed or delivered to Class Counsel and Counsel for Hennepin County on or before February 19, 2014, or the date set by the Court, whichever is later, at the following addresses:

> **United States District Court**
> Clerk of District Court
> 316 North Robert Street
> 100 Federal Building
> St. Paul, Minnesota, 55101

**Counsel for Hennepin County**
Rebecca Holschuh, Hennepin County Attorney's Office
A-2000 Government Center
300 South Sixth Street
Minneapolis, MN 55487

**Class Counsel**
Thomas J. Lyons, Sr., Lyons Law Firm, P.A.
Thomas J. Lyons, Jr., Consumer Justice Center, P.A.
367 Commerce Court
Vadnais Heights, MN 55127

9. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee, except by serving and filing a written statement in the form and manner, and by the date, required herein and by the Legal Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections to the Proposed Settlement in this or any other action or proceeding.

10. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have timely opted out) shall be barred from asserting against Hennepin County Released Parties any claims for which a Release and Waiver will be given, consistent with Section XII of the Agreement, if the Court approves the Proposed Settlement.

11. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiffs and all Class Members (except those who have timely opted out) shall be

forever barred from asserting against Hennepin County Released Parties any claims that are being released in accordance with Section XII of the Agreement and Plaintiffs and all Class Members shall be conclusively deemed to have released any and all such claims.

      12.    Following the entry of final judgment after the Final Settlement Hearing, and after the settlement becomes final, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members as described in Section II(C) of the Agreement, and who have not requested exclusion, shall be entitled to a Settlement Voucher as described in Section II(Q) and **Exhibit E** of the Agreement.  Vouchers will be available upon the commencement of the Voucher Redemption Period, which begins the first of the month following the month in which the final judgment becomes not subject to further appeal or review.

      13.    The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims.  Hennepin County has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in this Action and any liability of any sort to Plaintiffs or any member of the Hennepin County Settlement Class.  Nothing contained in the Agreement, in any document relating to the Agreement, or in this Order shall be construed, deemed or offered as an admission by Plaintiffs or Hennepin County, or by any member of the Hennepin County Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

14. The parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

| DATE | EVENT |
| --- | --- |
| **December 20, 2013** | Attend the Preliminary Approval Hearing |
| **Before the Final Approval Hearing** | Complete Newspaper Publication of Notice to the Settlement Class (**Exhibit A**) |
| **February 19, 2014, or the date set by the Court, whichever is later** | Deadline for Objections, Comments, and Motions to Intervene |
| **5 business days after the deadline for Objections, Comments, and Motions** | Defendant to report Opt-Out Forms (**Exhibit G**) received |
| **10 business days after the deadline for Objections, Comments, and Motions** | File Final Approval Motion and Class Representative Award Motion |
| **[To be determined]** | Attend the Final Approval Hearing |
| **5 days after Final Approval Order is non-appealable** | Pay Class Representatives Awards |
| **Entirety of Voucher Redemption Period** | Completion of Settlement Claim Forms (**Exhibit F**) |
| **Entirety of Voucher Redemption Period** | Honor Class Members' Settlement Vouchers (**Exhibit E**) |
| **30 days after conclusion of Voucher Redemption Period** | File Class Counsel Fee and Cost Award Motion |
| **[To be determined]** | Attend Hearing on Class Counsel Fee and Cost Award Motion |
| **5 days after Court's Order on Class Counsel's Fee Petition is non-appealable** | Pay Class Counsel Award |

9

15. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

Dated:  December 23, 2013          s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge