## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin W. Rouse, Emily M. Rouse, and Brian L. Ranwick, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Hennepin County,<br><br>        Defendant.<br><br>United States of America,<br><br>        Intervenor,<br><br>Hennepin County,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>Quadrant Systems, LLC,<br><br>        Third-Party Defendant. | Civil No. 12-326 (DWF/SER)<br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

Michael O. Freeman, Hennepin County Attorney, and Rebecca Lee Stark Holschuh, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, counsel for Defendant Hennepin County.

Gerald C. Kell, Esq., U.S. Department of Justice, counsel for Intervenor United States of America.

## INTRODUCTION

This matter is before the Court on a Motion for Award of Attorneys' Fees and Expenses brought by Plaintiffs. (Doc. No. 100.) For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

This is a putative class action under the Fair Credit Reporting Act ("FCRA") and the Fair and Accurate Credit Transactions Act ("FACTA"), and it involves allegations that Defendant Hennepin County ("Defendant") violated these acts by issuing receipts bearing full, unredacted credit card expiration dates at six of its service centers. (*See generally* Doc. No. 54 ("Second Am. Compl.").) FACTA amended the FCRA to require that merchants redact customers' credit card numbers and expiration dates on receipts provided to consumers. *See* 15 U.S.C. § 1681c(g). "Willful" violation of this receipt provision results in liability of actual damages *or* statutory damages of $100-$1,000, and punitive damages. *See* 15 U.S.C. § 1681(n)(a). Consumers in a "successful action to enforce liability" may also be awarded "the costs of the action together with reasonable attorney's fees as determined by the court." § 1681n(a)(3).

In their Complaint, Plaintiffs alleged that on separate occasions between the dates of March 16, 2011 and February 1, 2012, Plaintiff Kevin Rouse used his MasterCard credit card to purchase a Notary Registration, pay sales tax for an automobile, purchase a driver's license, purchase lien notices for three cars, and purchase license tabs from Defendant, and that Defendant provided receipts with an un-redacted credit card expiration date for these transactions. (Second Am. Compl. ¶¶ 34-37, 39.) In addition,

they claimed that on December 16, 2011, Plaintiff Emily M. Rouse purchased a passport from Defendant, used her Visa credit card to pay, and Defendant provided a receipt with an un-redacted expiration date. (*Id.* ¶ 38.) Finally, Plaintiffs asserted that on February 9, 2012, Plaintiff Brian L. Ranwick purchased photos from Defendant, used his Master Card credit card to pay, and Defendant provided a receipt with an un-redacted expiration date. (*Id.* ¶ 40.) Plaintiffs initiated this class action, asserting that Defendant provided numerous customers with similar receipts that failed to redact the expiration dates and thereby violated the FCRA and FACTA. (*See id.*)

On October 25, 2013, the parties reached a settlement. (Doc. No. 70.) On December 23, 2013, the Court granted preliminary approval of the settlement agreement. (Doc. No. 80.) On March 12, 2014, the Court granted the parties' motion for final approval of class action settlement and entered final judgment. (Doc. No. 96.) On May 1, 2014, the eighteen-month "Voucher Redemption Period" began, wherein class members were permitted to make claims at each of Defendant's six permanent service center locations, where they could receive and then redeem vouchers good for $17.50 towards select transactions. (Doc. No. 72 ¶ IV.) During the redemption period, 189 out of approximately 283,000 class members requested vouchers. (Doc. No. 103 ("Lyons Jr. Decl.") ¶ 5(h).) Forty-five class members redeemed vouchers, for a total of $757. (*Id.* ¶ 5(h), Ex. 2.)

Plaintiff now seeks attorney fees in the amount of $192,616.96 and costs in the amount of $2,985.32, for a total award of $195,602.28.

## DISCUSSION

A plaintiff who is successful under the FCRA is entitled to an award of costs and reasonable attorney fees. *See* 15 U.S.C. §§ 1681n(a)(3) (providing that any person who, negligently or willfully, fails to comply with the statute is liable to the consumer for "the costs of the action together with reasonable attorney's fees as determined by the court"). Defendant argues, however, that the amount of attorney fees requested is unreasonable.

In determining reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). The "most important factor in determining what is a reasonable fee is the magnitude of plaintiff's success in the case as a whole." *Lash v. Hollis*, 525 F.3d 636, 642 (8th Cir. 2008) (quotation omitted)).

Plaintiffs seek to recover fees based on the following lodestar analysis:

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| Thomas J. Lyons, Jr., Esq. | 238.58 | $400.00 | $95,431.53 |
| Thomas J. Lyons, Sr., Esq. | 308.08 | $450.00 | $138,636.60 |
| Hans Lodge, Esq. | 12.00 | $200.00 | $2,400.00 |
| Sharon McMahon (legal assistant) | 35.86 | $120.00 | $4,303.07 |
| Total |  | ___ | $240,771.20 |

Plaintiffs submit that the 594.52 total hours expended breakdown as follows: 21.95 hours reviewing Plaintiffs' potential claims, counseling Plaintiffs on class action litigation, and drafting and filing the original Complaint and Amended Complaint; 281.72 hours on litigation and negotiating settlement; 120.56 hours finalizing the settlement, filing motions to support approval, monitoring Defendant's compliance, and corresponding with class members; 170.29 hours monitoring compliance during the redemption period and corresponding with class members and Defendant regarding the same.

Plaintiffs argue that the time spent and hourly fees charged were reasonable. In addition, Plaintiffs point out that the Defendant mounted a vigorous defense which necessitated a commensurate response, and that Plaintiffs' attorneys spent many hours crafting and negotiating the settlement terms and notice procedures. Plaintiffs also stress that through their efforts in this action, Plaintiffs stopped unlawful conduct by Defendant, and Plaintiffs' attorneys accepted a significant contingency risk because they pursued this case for almost four years without compensation. Even so, Plaintiffs suggest that a downward adjustment by 20% of the lodestar calculation is appropriate to account for the limited number of claims made and vouchers redeemed. Thus, Plaintiffs seek a fee award in the amount of $192,616.96.

Defendant asserts that the requested amount is unreasonable. Defendant contends that Class Counsel's billing records reveal a number of fees that should not be paid. In particular, Defendant submits that:  Class Counsel unnecessarily inspected Defendant's

5

compliance with the settlement agreement (visiting six service center locations over 120 times for a total of roughly $63,000 in attorney time); Class Counsel requests compensation for excessive time spent on the case; Class Counsel's rates are unsupported because of the amount of time they spent performing non-legal work; and the lodestar method results in a fee that is grossly disproportionate to the value received by class members.

The Court has reviewed the billing records and the parties' arguments and finds that Plaintiffs' fee request is excessive.  First, the time spent by Class Counsel conducting inspections of settlement compliance was unwarranted.  Second, litigation-related tasks performed by Class Counsel could have been performed in significantly less time.  Third, Class Counsel's hourly rates are unreasonable with respect to hours charged for clerical or non-attorney work.

Finally, the fee request is disproportionate to the benefit conferred on the class.  In cases involving a coupon settlement, such as here, "the actual monetary value of the coupons redeemed by the class is a prime consideration in [assessment of attorney fees]: it is an indispensable factor in evaluating the reasonableness of the lodestar figure, and it is determinative when calculating an award as a percentage of the recovery." *See Fouks v. Red Wing Hotel Corp.*, Civ. No. 12-2160, 2013 WL 6169209, at *7 (D. Minn. Nov. 21, 2013).  Here, the benefit to the class totaled $757 in redeemed vouchers; the three class representatives received $3,500 each.  Thus, the total monetary value of this case totals $12,257.  The class in this case consists of approximately 283,000 persons, and the value of the settlement totals roughly $0.04 per class member.  Even so, there are several non-

monetary elements to Plaintiffs' success, most notably that Defendant's service centers now print receipts with masked expiration dates. However, on a whole, the Court concludes that Plaintiffs' "level of success" in this action is marginal and agrees with other judges who have pointed out that FACTA receipt cases exist largely to generate attorney fees. *See, e.g.*, *Zaun v. Al Vento Inc.*, Civ. No. 11-2024, 2013 WL 268930, at *3 (D. Minn. Jan. 24, 2013).

In sum, and for the reasons discussed above, the Court concludes that Plaintiffs' fee request should be further reduced by 80% for a total award of $38,523.39. The Court notes that such an amount is still substantially higher than the amount actually recovered by the Plaintiffs.[1]

Plaintiffs also seek $2,985.32 in costs. In particular, Plaintiffs seek: $574.70 for postage/copies; $350 for the federal filing fee; $1,587.77 for service of process and witness fees; $18.45 for Westlaw research; and $454.40 for travel, parking, and mileage expenses. (Lyons Jr. Decl. ¶ 8.) Defendant submits that Westlaw charges are not reimbursable under a fee-shifting statute and should be excluded. The Court agrees. *See, e.g.*, *Standley v. Childhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). Defendant also submits that other requests for costs are not sufficiently described and should be excluded. Plaintiffs have, however, provided further substantiation of these charges.

---

[1] The Court notes that, in cases such as this, it is important for class counsel to assess, at an early stage of the litigation, the likely outcome of the case and cumulative benefit to the class in the form of monetary and injunctive relief, as well as the potential for early settlement, so as to appropriately limit the overall costs of the litigation, including attorney fees.

(*See* Doc. No. 116 ("Lyons Sr. Decl. II.") ¶¶ 4-5, Exs. 3-4.)  The Court concludes that Plaintiffs are entitled to all costs minus those for Westlaw charges, plus an additional $500 to reimburse Class Counsel for airfare due to the last-minute rescheduling of the hearing on this matter.  Therefore, Plaintiffs are entitled to reimbursement for costs in the amount of $3,466.87.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. [100]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **GRANTED IN PART** to the extent Plaintiffs seek attorney fees.

    b. The amount of fees requested by Plaintiffs is **DENIED** as excessive; instead, Plaintiffs shall recover attorney fees in the amount of $38,523.39.

    c. Plaintiffs shall recover costs in the amount of $3,466.87.

Dated:  June 9, 2016                    s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge